IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | CR/A No. 7:18-cr-00768-DCC-1 |
| )  | |
| v.       ) | **OPINION AND ORDER** |
| ) | |
| James Anthony Swindler.  ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant's Pro Se Compassionate Release Petition and counseled Memorandum in Support thereof, seeking reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 45, 60. The Government filed a Response in Opposition. ECF No. 50. At the Court's instruction, Mr. Swindler filed additional supplemental information. ECF No. 62. For the reasons that follow, the Motion is denied.

## BACKGROUND

Mr. Swindler pled guilty on May 15, 2019, to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 32. On August 9, 2019, he was sentenced to 120 months of imprisonment and three years of supervised release. ECF No. 42. Mr. Swindler filed his pro se Compassionate Release Petition on January 19, 2021. ECF No. 45. The Court appointed counsel on January 22, 2021. ECF No. 47. Following briefing by the parties, the Motion is now before the Court.

## APPLICABLE LAW

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) permits modification of a term of imprisonment upon motion of the defendant after exhaustion of the defendant's administrative remedies. If "extraordinary and compelling reasons

1

warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission,"[1] the court may reduce a defendant's term of imprisonment and may impose a term of probation or supervised release that does not exceed the unserved portion of the original term of imprisonment.  *Id*.  The statute further instructs the court to "consider[] the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable."  *Id*.; *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) ("a district court may not grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)" without considering the § 3553(a) factors).  Therefore, in order to grant compassionate release pursuant to § 3582(c)(1)(A)(i), the district court must (1) find that "extraordinary and compelling reasons" warrant a reduction in the prisoner's sentence, and (2) consider the applicable § 3553(a) factors in light of the prisoner's extraordinary circumstances.[2]  *Kibble*, 992 F.3d at 330, 332.

---

[1] Although U.S.S.G. § 1B1.13(1)(A) is entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)," by its terms it addresses only those requests brought "[u]pon motion of the Director of the Bureau of Prisons."  It is therefore inapplicable to compassionate release motions filed by defendants pursuant to § 3582(c)(1)(A)(i). *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020)).  Because no applicable sentencing guideline exists, "§ 3582(c)(1)(A)'s consistency requirement does not constrain the discretion of district courts."  *Id*.

[2] Because the statute "does not specify what conclusion a district court must draw from the § 3553(a) factors in order to grant a motion for compassionate release," the Fourth Circuit has understood this language "as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."  *Kibble*, 992 F.3d at 331 n.3.

**DISCUSSION**

*Exhaustion*

The First Step Act requires defendants to exhaust their administrative remedies before moving the Court for compassionate release. See 18 U.S.C. § 3582(c)(1)(A). To satisfy the exhaustion requirement, "incarcerated persons must first ask the [Bureau of Prisons ("BOP")] to file a motion for compassionate release on their behalf, and then, either (1) appeal the BOP's failure to bring a motion on their behalf, or (2) allow 30 days to lapse after making the request[.]" *Kibble*, 992 F.3d at 330 n.2.

Mr. Swindler wrote to the Warden requesting compassionate release and his request was denied on December 8, 2020. ECF No. 45 at 7. The Court accordingly finds that Mr. Swindler properly exhausted his administrative remedies and continues to the merits of his Motion.

*Extraordinary and Compelling Reasons*

Mr. Swindler argues that he is at increased risk from COVID-19 due to his health conditions, specifically hypertension[3] and obesity.[4] Courts in this district and elsewhere

---

[3] The Government argues that Mr. Swindler has not been diagnosed with, and is not being treated for, hypertension. ECF No. 50 at 16. Upon review of the medical records, the Court notes at least one occasion on which Mr. Swindler's blood pressure was measured at or above 130/80 mm Hg. *See Facts About Hypertension*, https://www.cdc.gov/bloodpressure/facts.htm (last updated Sept. 8, 2020) (defining Stage 1 hypertension as blood pressure at or above 130/80 mm Hg). In light of this evidence and Mr. Swindler's allegations, the Court assumes without deciding that he suffers from hypertension for the purpose of this Motion.

[4] Though it is not argued as a specific or independent basis for relief, Mr. Swindler's counseled Memorandum in Support also notes that he suffers from sinus problems and has been diagnosed with possible sinusitis, and that an "[u]nderlying mass cannot be excluded" pending a CT scan. ECF No. 60 at 3. These conditions have not been identified by the Centers for Disease Control and Prevention as increasing an individual's risk of serious illness from COVID-19 and do not alter the Court's analysis.

have found, particularly at the height of the pandemic, that the COVID-19 pandemic may constitute an extraordinary and compelling reason to reduce a defendant's sentence in conjunction with specific risk factors such as age or medical condition. *See*, *e.g.*, *United States v. Griggs*, 462 F. Supp. 3d 610, 620 (D.S.C. 2020); *United States v. Bing*, CR/A No. 1:15-cr-0637-JMC-1, 2020 WL4043610, at *6 (D.S.C. July 17, 2020). Moreover, the Centers for Disease Control and Prevention ("CDC") has identified obesity (defined as body mass index ("BMI") ≥30 kg/m$^2$ but <40 kg/m$^2$) and "possibly" hypertension as conditions that "can make you more likely to get severely ill from COVID-19." *See COVID-19*, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 13, 2021).

However, additional, countervailing considerations lead the Court to find that no extraordinary and compelling reason for a reduction of sentence exists in this case. First, the Court takes notice of waning COVID-19 case numbers and revised CDC guidelines, as well as the loosening of restrictions by public bodies across the country. *See COVID Data Tracker Weekly Review*, https://www.cdc.gov/coronavirus/2019-ncov/covid-data/covidview/index.html (last updated June 4, 2021). In the absence of evidence suggesting a particular risk of infection at the facility where a defendant is housed, the overall reduction in cases may indicate that the COVID-19 pandemic no longer constitutes an exceptional and compelling reason for compassionate release even in conjunction with underlying medical conditions.

Second, even if the COVID-19 pandemic were still at its height, Mr. Swindler's health conditions do not appear to be of sufficient severity to warrant early release. Mr.

Swindler is only forty-one years old and not severely obese, and his hypertension does not appear to have required substantial medical intervention.

Third, Mr. Swindler was offered the Pfizer-BioNTech vaccine against COVID-19 on March 31, 2021, but refused due to concerns about its side effects. ECF No. 62-1. "Most courts have held vaccine refusal against defendants moving for compassionate release." *United States v. Greenlaw*, 2021 WL 1277958, at *6 (D. Me. Apr. 6, 2021) (collecting cases). Courts within this circuit have done the same. *See, e.g.*, *United States v. Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021) (finding the defendant's obesity "no longer qualifies as an 'extraordinary and compelling reason' here because Defendant has refused to be vaccinated"); *United States v. Jacobs*, 2021 U.S. Dist. LEXIS 92819, at *2 (W.D.N.C. May 17, 2021) (denying compassionate release where defendant refused COVID-19 vaccine and noting that "Defendant's own behavior [in refusing vaccination] is inconsistent with his position that he believes he is at increased risk from the virus" (quoting *United States v. Williams*, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021)). The undersigned agrees with the great weight of authority that Mr. Swindler's voluntary refusal of a safe and effective vaccine[5] must be considered as a factor in determining whether extraordinary and compelling reasons warrant his release. Although the Court respects both Mr. Swindler's concerns about side effects and his right to refuse vaccination, it cannot ignore the inconsistency of petitioning for compassionate release

---

[5] The efficacy of the Pfizer vaccine against confirmed COVID-19 in individuals of Mr. Swindler's age group (16 to 55 years) has been estimated at 95.6%. *See Pfizer-BioNTech COVID-19 Vaccine Emergency Use Authorization Review Memorandum*, Food and Drug Administration, available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine (Dec. 11, 2020).

5

based on the risk of contracting COVID-19 while simultaneously refusing a highly effective medical intervention to reduce that risk. In short, Mr. Swindler may not manufacture his own "extraordinary and compelling" circumstances. *See, e.g.*, *Greenlaw*, 2021 WL 1277958, at *7 ("To reward [the defendant] for his vaccination refusal would create a perverse incentive for defendants like [him] to refuse COVID-19 vaccines and put their lives and the lives of others in jeopardy in an effort to bolster their compassionate release motions.").

Finally, the Court notes that Federal Correctional Institution, McDowell, the facility at which Mr. Swindler is housed, currently reports zero COVID-19 infections among its 1,384 inmates and only four cases among its staff. *See COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed June 10, 2021). This level of infection does not reflect a significant risk to Mr. Swindler, even in light of his unvaccinated status.

After careful consideration of Mr. Swindler's medical record, therefore, the Court finds that the overall circumstances do not constitute an extraordinary and compelling reason warranting his early release.

## CONCLUSION

For the reasons set forth above, Defendant's Compassionate Release Petition [45] is **DENIED WITHOUT PREJUDICE**. Mr. Swindler is free to file a renewed motion in the event of a material change in circumstances warranting a reduction of his sentence.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

June 10, 2021
Spartanburg, South Carolina